NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| NEW JERSEY REGIONAL COUNCIL OF CARPENTERS, et al., | : | |
| Petitioners, | : | Civil Action No. 12-5322 (MAS) |
| v. | : | **MEMORANDUM OPINION** |
| G&G CUSTOM BUILDING LLC, | : | |
| Respondent. | : | |

**SHIPP, District Judge**

This matter comes before the Court upon Petitioners New Jersey Regional Council of Carpenters, New Jersey Carpenters Funds and the Trustees thereof's ("Petitioners" or the "Carpenters") Petition to Confirm an Arbitration Award filed on August 23, 2012. (Pet., ECF No. 1.) The docket indicates that G&G Custom Building LLC ("Respondent"), did not contest or otherwise challenge the Petition. The Court has carefully considered Petitioners' submissions and decided the matter on the pleadings without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78. For the reasons set forth in this Opinion, and other good cause shown, the Petition to Confirm is GRANTED.

## I.    BACKGROUND

The New Jersey Regional Council of Carpenters is a labor organization within the meaning of Section 2(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 52(5). (Pet. ¶ 2, ECF No. 1.)  The New Jersey Carpenters Funds are trust funds within the meaning of Section 302(c)(5) of the LMRA, 29 U.S.C. 186(c)(5), and employee benefit plans within the

meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(e) and (f). (*Id.*) Petitioners maintain a principal place of business at Raritan Plaza II, Fieldcrest Avenue, Edison, New Jersey, 08818. (*Id.*) Respondent and Petitioners were parties to a collective bargaining agreement ("CBA"). (*Id.*, Ex. A.) Respondent is a building contracting company, duly organized and existing under New Jersey law, with its principal place of business located at 2 Ilene Court, Suite 15, Hillsborough, New Jersey, 08844. (Pet. ¶ 3.)

Appendix A of the CBA includes provisions outlining the required employer contributions to the Funds. (*Id.*) Respondent signed the CBA. (Pet. Ex. A, at 39.) Respondent also signed the Amended and Supplemental Agreement and Declaration of Trust (the "Trust Agreement"), which outlines the required employer contributions to the Funds. (Pet. Ex. C.) Pursuant to the CBA, J.J. Pierson, Esq., was appointed as the permanent arbitrator (the "Arbitrator") to resolve claims of delinquent contributions owed to the Funds. (Pet. Ex. A, at 21-22.)

The present dispute concerns Respondent's alleged failure to make contributions to the New Jersey Carpenters Funds (Welfare Fund and Pension Annuity Fund) ("NJCF"), the New Jersey Carpenters Apprentice Training and Education Fund ("NJATF"), the New Jersey Carpenters Contractors Trust ("NJCCT"), the UBCJ Health Safety Fund, and the Vacation Fund (collectively, the "Funds").[1] (Pet. Ex. D, at 1.)

After Respondent failed to appear at the June 28, 2012 arbitration hearing regarding these delinquencies, the Arbitrator awarded Petitioners: (1) "$1,105.18 plus interest at the rate of 12% per annum in the amount of $243.10 (for 33 months) on the unpaid balance of contribution . . . , plus liquidated damages, in the amount of $221.00 . . . ;" (2) attorney's fees in the sum of

---

[1] Article XXXI of the CBA lists the Funds.

$276.25 "or 25% of the adjusted amount shown due by the audit . . . plus interest at the rate of 10% from the date of the award on any part of the attorney's fees awarded and ordered that is not paid within 30 days of the date of the award;" and (3) $250.00 reimbursement for the Arbitrator's fees; totaling $2,085.53. (Pet. Ex. D, at 3.) The Arbitrator ordered that Respondent shall be subpoenaed for testimony and documents if it does not pay the full amount within 14 days. (Pet. Ex. D, at 3-4.) The Arbitrator also ordered that Respondent "shall be responsible for costs relating to the audit, including: the cost and fees of the auditor; legal fees; and further fees of the Arbitrator . . . [and] all courts costs including, but not limited to the filing fee of $350.00." (Pet. Ex. D, at 4.)

Respondent failed to comply with all aspects of the Opinion and Award of the Arbitrator. (Pet. ¶ 8.) Petitioners, therefore, have sought confirmation of the arbitration award by this Court. (*Id.*)

## II.   **STANDARD OF REVIEW**

When a collective bargaining agreement includes an arbitration clause, "it is assumed that the parties bargained for a grievance resolution procedure in which an arbitrator would interpret the agreement.  It is thus not the role of a court to correct factual or legal errors made by an arbitrator." *Brentwood Med. Assocs. v. United Mine Workers of Am.*, 396 F.3d 237, 240 (3d Cir. 2005) (citing *Major League Umpires Ass'n v. Am. League of Prof'l Baseball Clubs*, 357 F.3d 272, 279 (3d Cir. 2004)).  Further, the validity of an arbitration award is subject to an attack only on the grounds listed in 9 U.S.C. § 10, or if enforcement of the award is contrary to public policy. *Brentwood Med. Assocs.*, 396 F.3d at 241 (citing *Exxon Shipping Co. v. Exxon Seamen's Union*, 993 F.2d 357, 360 (3d Cir. 1993)).  9 U.S.C. § 10 states, in relevant part:

> (a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the

application of any party to the arbitration-(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing . . ., or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced, or; (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

Accordingly, a court's review is exceedingly narrow and a district court should only determine whether an arbitrator's award "draws its essence from the parties' collective bargaining agreement." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36 (1987) (quoting *Steelworkers of Am.*, 363 U.S. at 597).

"An award draws its essence from a collective bargaining agreement if its interpretation can *in any rational way* be derived from the agreement, viewed in light of its language, its context, and any other indicia of the parties' intention." *Brentwood Med. Assocs.*, 396 F.3d at 241 (citing *United Transp. Union Local 1589 v. Suburban Transit Corp.*, 51 F.3d 376, 379-80 (3d Cir. 1995)). If the Court finds that an arbitrator's award does not draw its essence from a collective bargaining agreement, then the award must be vacated. *Id.*; *see also Citgo Asphalt Ref. Co. v. Paper, Allied-Indus. Chem. & Energy Workers Int'l Local No. 2-991*, 385 F.3d 809, 815 (3d Cir. 2004); *Pa. Power Co. v. Local Union No. 272 Int'l Bhd. of Elec. Workers*, 276 F.3d 174, 178 (3d Cir. 2001). However, "'[a] court may not overrule an arbitrator simply because it disagrees with the arbitrator's construction of the contract . . . or because it believes its interpretation of the contract is better than that of the arbitrator.'" *United Transp. Union Local 1589*, 51 F.3d at 379 (quoting *News Am. Publ'ns, Inc. v. Newark Typographical Union, Local 103*, 918 F.2d 21, 24 (3d Cir. 1990)).

Last, the Court must enforce an arbitration award if it was based on an arguable interpretation and/or application of the collective bargaining agreement. *Exxon Shipping Co.*, 993

F.2d at 360. In order for a court to vacate an arbitration award, "there must be absolutely no support at all in the record justifying the arbitrator's determinations." *United Transp. Union Local 1589*, 51 F.3d at 379 (quoting *News Am. Publ'ns, Inc.*, 918 F.2d at 24). Furthermore, "'[f]requent judicial disapproval of the awards of labor arbitrators would tend to undermine a system of private ordering that is of the highest importance to the well-being of employer and worker alike.'" *Id.* at 380 (quoting *Newark Morning Ledger Co. v. Newark Typographical Union Local 103*, 797 F.2d 162, 165 (3d Cir. 1986)).

## III.    DISCUSSION

As set forth in Article XXVI, Section 2 of the CBA, "[t]he Trustees of the respective Funds shall maintain appropriate actions in law or in equity, to collect the proper amount of contributions due, for an accounting of, or for any other appropriate relief." Article XXVI, Section 4 clearly defines an arbitrator's authority when resolving grievances filed by Petitioner. It provides that "[t]he decision of the arbitrator shall be final and binding. The arbitration shall be heard in offices of the applicable Carpenter Funds or in the office of the counsel for the Funds . . ."[2]

The Arbitrator afforded Respondent the opportunity of a hearing. Respondent failed to appear at the arbitration hearing. Additionally, Respondent has not opposed or even responded to this Petition to Confirm the Arbitration Award. The Arbitrator issued a thorough and comprehensive opinion that reflected a thoughtful consideration of the CBA. The Court need only describe a few of the Arbitrator's findings that demonstrate his careful review of the CBA.

The Arbitrator highlighted the articles relevant to the mandatory contributions to the "Fringe Benefit Funds" outlined in Article XXXI of the CBA. (Pet. Ex. D, at 1.) The Arbitrator

---

[2] Article XXVI, Section 4 of the CBA designates a permanent arbitrator, J.J. Pierson.

also focused on Article XXVI, Section 2, under which the CBA provides the Petitioner the legal right to "appropriate relief" if, as here, the employer becomes delinquent. (*Id.* at 1-2.) In lieu of the Respondent's failure to appear at the arbitration hearing, the Arbitrator appropriately relied on the only record presented to him. (*Id.* at 2)

In light of the Court's exceedingly narrow review of an arbitrator's award, the Court finds that the Arbitrator's Award in this matter is significantly supported by his careful review of the Parties' CBA as well as other documents submitted during the arbitration hearing. Further, the Arbitrator's reasoning was rationally derived from the agreement in consideration of the language in the CBA. As such, the Court finds good cause to grant Petitioner's Motion to Confirm the Arbitrator's decision.

## IV.    CONCLUSION

For the reasons set forth above, and for other good cause shown, it is hereby ordered that the Petition to Confirm the Arbitration Award is GRANTED. An appropriate Order and decree of Judgment follow.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: March 25, 2013